**GRAFTON LUMBER & COAL CO v WADSWORTH BRICK & TILE CO**

Ohio Appeals, 9th Dist., Lorain Co

No 586. Decided Nov 27, 1931

Stevens & Stevens, Elyria, for plaintiff in error.

Merle M. Agin, Cleveland, for defendant in error.

WASHBURN, J.

The Lumber Co. gave to the court a written charge upon the subject of accord and satisfaction and requested that the same be given to the jury before the argument. A part of said charge was as follows:

"And if you further find from the evidence that the plaintiff received this check and retained the same and used it, and that **thereafter** there was no modification agreed to by the defendant of the terms accompanying such remittance, then I charge you that there was an accord and satisfaction in this case and that the plaintiff cannot recover and that the defendant is entitled to a verdict."

This request was rightly refused by the court, because the modification mentioned.

was referred to as one made **after** the plaintiff had retained and used said check, whereas the only modification which could be of any importance ,would be one which was made after the check was received but **before** it was cashed.

Said request was sufficient, however, to require the court thereafter, in its general charge, to correctly charge upon the subject of accord and satisfaction.

In the general charge, after referring to said claim of accord and satisfaction, the court charged the jury as follows:

"I say to you that there was no consideration moving from the defendant to the plaintiff for any such claimed contract or agreement between them. There being no consideration for such an agreement, if such an agreement was made as claimed by the defendant, said defense number two fails and should not be considered by you in your deliberations as any defense to the claim of plaintiff, nor was said check written in full payment of balance due or claimed."

We hold that in so charging the court committed error.

While the check contained no writing indicating that it was tendered in full payment, the remittance sheet accompanying the check did contain language which might be construed as constituting a conditional tender, and by the evidence of both parties in reference to said subsequent conference it is established that the Brick Co. fully understood that the check was conditionally tendered, and that it appreciated the consequences of its acceptance of the check under such circumstances.

The record discloses that there was a real dispute between the parties as to the kind of brick which was ordered and the grade of brick which was delivered, and there was evidence tending to prove that such dispute was bona fide and involved the amount due—therefore there was an unliquidated claim, and there was evidence tending to prove that such dispute was not settled at said conference, and there is a sharp conflict in the evidence as to whether the condition upon which said check was tendered was waived by the Lumber Co. at said conference.

Whether the Brick Co., by cashing the check, agreed to accept it in full payment, was a question of fact for the jury to determine, and that depended upon what the jury found as to whether the Lumber Co. consented to the application of the amount of the check on the account or insisted that it be accepted in full payment or not at all,

and the Lumber Co. had a right to have that question of fact determined by the jury.

It is urged, however—and that evidently was the view of the trial judge—that there was no evidence of consideration to support an accord and satisfaction. That claim is made upon the theory that the payment of the part of a claim conceded to be due is no consideration for a discharge of the whole claim, and there is some support for that view in the earlier cases; but we think that it is established by the great weight of authority that, where there is a bona fide dispute as to any part of the claim made by the creditor and the creditor accepts as payment in full an amount tendered by the debtor, even though it be no more than the debtor concedes to be due, there is a sufficient consideration to make binding the creditor's promise to discharge the whole claim.

"When a claim is in dispute and the debtor sends to his creditor a check or other remittance which he clearly states is in full payment of the claim and the creditor accepts the remittance or collects the check without objection, it is generally recognized that this will constitute a good accord and satisfaction. And if the creditor objects to receiving the check or remittance in full satisfaction, but nevertheless, over the further request of the debtor that it be received in full satisfaction or be returned, retains the remittance or the proceeds of the check, there is a good accord and satisfaction, as the creditor has no right to retain the remittance or check except upon the express terms upon which it was sent."

1 R. C. L., **"Accord and Satisfaction,"** p. 196, §32.

In the case at bar, there was an unliquidated and disputed claim, and the Brick Co., knowing that said check was sent upon the condition that it be accepted in full, sought and had a conference with the Lumber Co. for the purpose of having such condition withdrawn or waived, and if it failed in that, it was bound either to decline the offer and return the check or to accept it with the condition attached.

For error in the charge in withdrawing from the consideration of the jury the issue as to accord and satisfaction, the judgment is reversed and the cause remanded.

PARDEE, PJ and FUNK, J, concur.